FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA  2018 MAR 27 PM 2:56
ORLANDO DIVISION

Case No.: 6:18-cv-461-ORL-41-TBS

AMY C. ANDREWS
n/k/a AMY PITTMAN

    Plaintiff,

v.

RON MCMAHAN,
AMERICAN MORTGAGE INVESTMENT
PARTNERS MANAGEMENT LLC,

    Defendant,
_____/

## COMPLAINT

Plaintiff, AMY PITTMAN, f/k/a AMY ANDREWS, an individual, files this Complaint for Damages and Incidental Relief against DEFENDANTS, WILLIAM RONALD McMAHAN aka RON McMAHAN, AMERICAN MORTGAGE INVESTMENT PARTNERS MANAGEMENT LLC, a Delaware limited liability company that has failed to register in the State of Florida as a foreign limited liability company, and allege as follows:

I

### PRELIMINARY STATEMENT

1.    This is a civil action seeking monetary relief from Defendants William Ronald McMahan, also known as Ron McMahan (hereafter "McMahan"), and AMERICAN MORTGAGE INVESTMENT PARTNERS MANAGEMENT LLC (hereinafter "American Mortgage") for violations pursuant to federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., (hereafter "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (hereafter "FCCPA").

II

### JURISDICTION AND VENUE

2. This Court has jurisdiction to grant relief pursuant to Fla. Stat. § 26.012(2)(a) and also pursuant to Fla. Stat. § 48.193(1)(a) in that this is an action for damages exceeding $15,000.00 exclusive of interest, attorneys's fees, and costs.

3. Venue is proper in Brevard County, Florida, pursuant to Fla. Stat. §47.011 as this is the county where the cause of action accrued.

## III

## COMPOSITE EXHIBITS

4. Attached to this Complaint are Composite Exhibits. The Composite Exhibits are incorporated and made a part hereof as Composite Exhibit "A" and are given Bates numbers at the center of the footer of each page. Any reference made to Composite Exhibit "A" shall be as follows: "[Composite Exhibit "A" page ___]". Bates numbers found at any location other than the center of the footer are to be ignored.

## IV

## ALLEGATIONS AS TO THE PARTIES

5. At all times material hereto, Plaintiff Amy Pittman ("Plaintiff") is a natural person, she is *sui juris* and a resident of Brevard County, Florida.

6. At all times material hereto, Defendant American Mortgage was and is a Delaware Limited Liability Company that registered in the State of Delaware as a Limited Liability Company. American Mortgage has registered with the Securities and Exchange Commission doing business as "American Mortgage Management" with a principal place of business of 2999 Westminster Avenue, Suite 265, Seal Beach, CA 90740. "Ron McMahan" is registered as the Chief Executive Officer of American Mortgage. American Mortgage has failed to register in the State of Florida as a foreign limited liability company.

7. At all times, Ron McMahan, a natural person, was *sui juris* and, on information and belief, is a resident of the State of California.

## IV

## FACTS

8. Plaintiff is a resident of Brevard County, Florida with a home address of 2800 Saint Marks Drive, Titusville, FL 32780.

9. At all times relevant to the facts contained herein, Defendant McMahan was a debt collector insofar as he was a person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. 1692a(6)

10. At all times relevant to the facts contained herein, Defendant American Mortgage was a debt collector insofar as it was a person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. 1692a(6).

11. On April 22, 2016, Defendant filed a petition in bankruptcy in the Middle District of Florida case number 6:16-bk-02689-KSJ wherein she stated on her schedules she was surrendering the home. She received a discharge on August 9, 2016.

12. On April 24, 2017, Defendant American Mortgage, by and through their CEO, "Ron McMahan" delivered a dunning letter to the Plaintiff entitled Notice of Default and Intent to Accelerate (hereinafter "Breach Letter"). The Breach Letter advised the Plaintiff that Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III was the owner of the Plaintiff's promissory note and mortgage. The Breach Letter further stated, "In order to cure this default, payment must be made to our servicer, FCI Lender Services, Inc., located at 880 E. Kaiser Boulevard, Anaheim, CA 92808. The Breach Letter was signed by "Ron McMahan," "American Mortgage Investment Partners Management LLC, Trust Administrator."

13. On May 23, 2017, the Defendant, through her counsel, George M. Gingo, tendered to FCI Lender Services a check drawn on George Gingo's attorney IOTA trust account in the

amount of $6,217.95. The memo line of the check contained the Plaintiff's name, loan number, address and the words "MORTGAGE CURE PAYMENT." (Composite Exhibit A, page 1)

14. On May 25, 2017, the Defendants caused to be filed a mortgage foreclosure lawsuit against the Plaintiff herein. The foreclosure suit was filed in the 18th Judicial Circuit, in and for Brevard County, Florida as evidenced by case #05-2017-CA-29462. Within the Complaint, Wilmington Savings Fund Society, FSB D/B/A Christiana Trust As Owner Trustee of the Residential Credit Opportunities Trust III alleged it held the promissory note at the time of filing. Ron McMahan verified the complaint as "Trust Administrator" on May 24, 2017. (Composite Exhibit A, page 2 - 38)

15. The Lender cashed the Defendant's cure check on May 31, 2017. (Composite Exhibit A, page 1)

16. On June 12, 2017, George Gingo, as attorney for the Plaintiff herein, filed a Notice of Appearance for Amy Andrews, Designation of Counsel's Email Address Demand for Verification of the Debt, and Notice to Cease Contact. Therein, Mr. Gingo included the following demand on behalf of the Plaintiff herein:

"Defendant hereby disputes the debt and demand that all contact with her cease." (Composite Exhibit A, p. 39 - 40)

17. On June 13, 2017, counsel for Amy C Andrews filed and served her Answer and Affirmative Defenses in 05-2017-CA-29462, stating:

NOTICE TO DIRECT ALL COMMUNICATION IN CONNECTION WITH THE COLLECTION OF THE DEBT TO THE UNDERSIGNED ATTORNEY

Defendant hereby gives notice to Plaintiff that the undersigned attorney represents her with regard to the debt alleged to be owed under the subject Note and Mortgage. Defendant hereby demands that Plaintiff and its agents direct any future communication with respect to the alleged debt to the undersigned attorney to ensure compliance with the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices

Act. This shall include any communication demanding payment, including mortgage statements and options to settle the claimed debt.

(Composite Exhibit A, page 41 - 97)

18. The Notice of Appearance and Answer and Affirmative Defense were served electronically upon the Plaintiff through service on its attorney, Chase A. Berger, Berger Firm, P.A., 3050 Biscayne Blvd., Suite 402, Miami, FL 33137 by use of the Florida EPortal system pursuant to the Florida Rules of Judicial Administration.

19. On December 4, 2017, more than six months after depositing the Plaintiff's cure tender payment, the Lender sent the Plaintiff a "Rejected Funds Notice" advising that the funds were insufficient to fully reinstate the account. (Composite Exhibit A, pages 98 - 99)

20. During the period of May 25, 2017 through December 4, 2017, Mr. Gingo forwarded to the Plaintiff all mortgage loan modifications that were offered by the Defendants.

21. On December 4, 2017, the Plaintiff received a telephone call from (562) 735-6555 at 2:06 p.m. EST which she did not answer. Shortly after receiving the call, she returned the call and was informed that Jason T, the American Mortgage asset manager assigned to the case, had called her.

22. On the evening of December 4, 2017, after having received the first telephone call from "Jason T," the Plaintiff received a second telephone call at 7:11 p.m. EST from the same telephone number (562) 735-6555. This time, the caller was Ron McMahan, CEO of Defendant American Mortgage. (Composite Exhibit A, page 100 - 102) This telephone number was reported to the SEC as the contact number for American Mortgage Investment Partners Management, LLC. Ron McMahan told the Plaintiff that he was the Chief Executive Officer. He advised the Plaintiff that attorney George Gingo would probably be mad that he had called the Plaintiff. He then advised that attorney George Gingo was a "hard ass" who never settled cases, and that Mr. Gingo probably never conveyed a recent loan modification offer to her. McMahan then conveyed the terms of a proposed modification to the represented Plaintiff.

McMahan pressured Plaintiff to take his offer, advising that her counsel was not telling her the truth or the facts and that she was going to lose if she didn't take the offer.

23. The following day, December 5, 2017, the Plaintiff contacted attorney Gingo and was emotionally upset due to the telephone call she received from McMahan on the evening of December 4, 2017.

24. On December 6, 2017, Plaintiff's counsel served the Defendants, through their counsel, Berger, an ESI Preservation Letter demanding that Christiana Trust preserve all electronically stored information. (Composite Exhibit A, pages 103 - 107)

25. Counsel for Plaintiff has remained counsel of record throughout the foreclosure suit. At no time did Counsel for Plaintiff grant the Defendants the right to contact the Plaintiff directly.

26. George Gingo never had direct communications with McMahan, American Mortgage or American Mortgage. Mr. Gingo never granted McMahan or American Mortgage permission to contact the Plaintiff directly.

V

CAUSES OF ACTION

COUNT ONE

PITTMAN v. MCMAHAN

Violations of the FDCPA

(15 U.S.C. § 1692d(2))

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 26, above as if fully set forth herein.

28. Plaintiff has been "the object of collection activity arising from consumer debt".

29. Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes, to wit: a promissory note and mortgage on her homestead residence.

30.  The alleged debt at issue under the FDCPA is primarily for personal, family, or household purposes. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

31.  Defendant McMahan has engaged in an act or omission prohibited by the FDCPA.

32.  Defendant McMahan is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that he uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

33.  At all times material hereto, Defendant McMahan was engaged in the regular collection of any consumer debts alleged to be due or alleged to be due to another using United States mail or telephone.

34.  15 U.S.C. 1692d(2) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...
>
> > (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

35.  On December 4, 2017, Defendant McMahan violated 15 U.S.C. 1692d(2) when he used the obscene and profane language to describe the Plaintiff's attorney, Mr. Gingo, during the debt collection telephone call to the Plaintiff. The Defendant McMahan engaged in conduct which the natural consequence of was to harass, oppress of abuse the Plaintiff and her counsel of record. The Plaintiff was in fact upset by the telephone call; she was unable to contact her Counsel on December 4, 2017 regarding the upsetting and abusive telephone call

and had to endure emotional distress all night until she was able to communicate with her counsel the following day.

WHEREFORE, Plaintiffs pray for judgment against Defendant McMahan as follows:

A. Declare the Defendant's conduct in violation of the FDCPA;

B. Enjoining Defendant from continuing to violate the FDCPA;

C. Actual damages;

D. Statutory damages;

E. Court filing costs and service of process costs; and,

F. Attorney fees and costs.

## COUNT TWO

## PITTMAN v. AMERICAN MORTGAGE

### Violations of the FDCPA

### (15 U.S.C. § 1692d(2))

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 26, above as if fully set forth herein.

37. Plaintiff has been "the object of collection activity arising from consumer debt".

38. Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes, to wit: a promissory note and mortgage on her homestead residence.

39. The alleged debt at issue under the FDCPA is primarily for personal, family, or household purposes. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

40. Defendant America Mortgage has engaged in an act or omission prohibited by the FDCPA.

41. Defendant American Mortgage is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that it uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

42. At all times material hereto, Defendant American Mortgage was engaged in the regular collection of any consumer debts alleged to be due or alleged to be due to another using United States mail or telephone.

43. 15 U.S.C. 1692d(2) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...
>
> > (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

44. On December 4, 2017, Defendant American Mortgage, by and through its Chief Executive Officer Ron McMahan, violated 15 U.S.C. 1692d(2) when its CEO McMahan used the obscene and profane language to describe the Plaintiff's attorney, Mr. Gingo, during the debt collection telephone call to the Plaintiff. The Defendant American Mortgage engaged in conduct which the natural consequence of was to harass, oppress of abuse the Plaintiff and her counsel of record. The Plaintiff was in fact upset by the telephone call; she was unable to contact her Counsel on December 4, 2017 regarding the upsetting and abusive telephone call and had to endure emotional distress all night until she was able to communicate with her counsel the following day.

WHEREFORE, Plaintiffs pray for judgment against Defendant American Mortgage as follows:

A. Declare the Defendant's conduct in violation of the FDCPA;

B. Enjoining Defendant from continuing to violate the FDCPA;

C. Actual damages;

D. Statutory damages;

E. Court filing costs and service of process costs; and,

F. Attorney fees and costs.

## COUNT THREE

## PITTMAN v. MCMAHAN

### Violations of the FCCPA

### (Fla. Stat. § 559.72(8))

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 26, above as if fully set forth herein.

46. Plaintiff has been "the object of collection activity arising from consumer debt".

47. Plaintiff is a "Consumer" pursuant to the FCCPA in that she is natural persons and allegedly obligated to pay an debt arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, is primarily for personal, family, or household purposes..

48. The debt at issue under the FCCPA was primarily for personal, family, or household purposes. Defendant is a debt collector as defined by Florida Statutes 559.55(6) in that he uses an instrumentality of interstate commerce or the mails in its business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

49. Defendant McMahan is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

50. Defendant McMahan has engaged in an act or omission prohibited by the FCCPA.

51. Florida Statute § 559.72(8) provides:

In collecting consumer debts, no person shall:

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

52. On December 4, 2017, Defendant McMahan violated Fla. Stat. §559.72(8) when he used the obscene and profane language to describe the Plaintiff's attorney, Mr. Gingo, during the debt collection telephone call to the Plaintiff. The Defendant McMahan engaged in conduct which the natural consequence of was to harass, oppress of abuse the Plaintiff and her counsel of record. The Plaintiff was in fact upset by the telephone call; she was unable to contact her Counsel on December 4, 2017 regarding the upsetting and abusive telephone call and had to endure emotional distress all night until she was able to communicate with her counsel the following day.

WHEREFORE, Plaintiffs pray for judgment against Defendant McMahan as follows:

A. Declare the Defendant's conduct in violation of the FCCPA;
B. Enjoining Defendant from continuing to violate the FCCPA;
C. Actual damages;
D. Statutory damages;
E. Court filing costs and service of process costs; and,
F. Attorney fees and costs.

## COUNT FOUR

## PITTMAN v. AMERICAN MORTGAGE

### Violations of the FCCPA

### (Fla. Stat. § 559.72(8))

53. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 26, above as if fully set forth herein.

54. Plaintiff has been "the object of collection activity arising from consumer debt".

55. Plaintiff is a "Consumer" pursuant to the FCCPA in that she is natural persons and allegedly obligated to pay an debt arising out of a transaction where the money, property,

insurance or services, which are the subject of the transaction, is primarily for personal, family, or household purposes..

56. The debt at issue under the FCCPA was primarily for personal, family, or household purposes. Defendant is a debt collector as defined by Florida Statutes 559.55(6) in that it uses an instrumentality of interstate commerce or the mails in its business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

57. Defendant American Mortgage is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

58. Defendant American Mortgage, by and through its Chief Executive Officer Ron McMahan, has engaged in an act or omission prohibited by the FCCPA. In the alternative, On December 4, 2017, Defendant American Mortgage, by and through its servicer FCI and FCI's Chief Executive Officer Ron McMahan, has engaged in an act or omission prohibited by the FCCPA.

59. Florida Statute § 559.72(8) provides:

In collecting consumer debts, no person shall:

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

60. On December 4, 2017, Defendant American Mortgage violated Fla. Stat. §559.72(8) when its CEO Ron McMahan used the obscene and profane language to describe the Plaintiff's attorney, Mr. Gingo, during the debt collection telephone call to the Plaintiff. The Defendant American Mortgage engaged in conduct which the natural consequence of was to harass, oppress of abuse the Plaintiff and her counsel of record. The Plaintiff was in fact upset by the telephone call; she was unable to contact her Counsel on December 4, 2017 regarding the upsetting and abusive telephone call and had to endure emotional distress all night until she was able to communicate with her counsel the following day.

WHEREFORE, Plaintiffs pray for judgment against Defendant American Mortgage as follows:

    A.    Declare the Defendant's conduct in violation of the FCCPA;

    B.    Enjoining Defendant from continuing to violate the FCCPA;

    C.    Actual damages;

    D.    Statutory damages;

    E.    Court filing costs and service of process costs; and,

    F.    Attorney fees and costs.

## COUNT FIVE

### PITTMAN v. AMERICAN MORTGAGE

### Violations of the FDCPA

### (15 U.S.C. § 1692c(a)(2))

61. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 26, above as if fully set forth herein.

62. Plaintiff has been "the object of collection activity arising from consumer debt".

63. Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes, to wit: a promissory note and mortgage on her homestead residence.

64. The alleged debt at issue under the FDCPA is primarily for personal, family, or household purposes. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

65. Defendant American Mortgage, by and through its CEO Ron McMahan has engaged in an act or omission prohibited by the FDCPA.

66. Defendant American Mortgage is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that it uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

67. At all times material hereto, Defendant American Mortgage was engaged in the regular collection of any consumer debts alleged to be due or alleged to be due to another using United States mail or telephone.

68. 15 U.S.C. 1692c(a)(2) provides:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

69. On December 4, 2017, Defendant American Mortgage, by and through its CEO Ron McMahan violated 15 U.S.C. 1692c(a)(2) when McMahan called the Plaintiff on her telephone and discussed the status of the debt knowing she was represented by counsel on the subject debt and without permission from the Plaintiff or from her attorney, George Gingo. The Defendant clearly knew the Plaintiff was represented by attorney George Gingo as he described Mr. Gingo in a derogatory manner. Further, Mr. McMahan told the Plaintiff during the call that her counsel, George Gingo, would likely be upset that Mr. McMahan called her directly.

WHEREFORE, Plaintiffs pray for judgment against Defendant American Mortgage as follows:

- A. Declare the Defendant's conduct in violation of the FDCPA;
- B. Enjoining Defendant from continuing to violate the FDCPA;
- C. Actual damages;
- D. Statutory damages;
- E. Court filing costs and service of process costs; and,
- F. Attorney fees and costs.

## COUNT SIX

### PITTMAN v. AMERICAN MORTGAGE

### Violations of the FCCPA

### (Fla. Stat. § 559.72(18))

70. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 26, above as if fully set forth herein.

71. Plaintiff has been "the object of collection activity arising from consumer debt".

72. Plaintiff is a "Consumer" pursuant to the FCCPA in that she is natural persons and allegedly obligated to pay an debt arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, is primarily for personal, family, or household purposes.

73. The debt at issue under the FCCPA was primarily for personal, family, or household purposes. Defendant is a debt collector as defined by Florida Statutes 559.55(6) in that it uses an instrumentality of interstate commerce or the mails in its business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

74. Defendant American Mortgage is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

75.  Defendant American Mortgage has engaged in an act or omission prohibited by the FCCPA.

76.  Florida Statute § 559.72(18) provides:

In collecting consumer debts, no person shall:

(8) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

77.  On December 4, 2017, Defendant American Mortgage violated Fla. Stat. §559.72(18) when its CEO Ron McMahan called the Plaintiff on her telephone and discussed the status of the debt knowing she was represented by counsel on the subject debt and without permission from the Plaintiff or from her attorney, George Gingo. The Defendant clearly knew the Plaintiff was represented by attorney George Gingo as he described Mr. Gingo in a derogatory manner. Further, Mr. McMahan told the Plaintiff during the call that her counsel, George Gingo, would likely be upset that Mr. McMahan called her directly.

WHEREFORE, Plaintiffs pray for judgment against Defendant American Mortgage as follows:

    A.    Declare the Defendant's conduct in violation of the FCCPA;

    B.    Enjoining Defendant from continuing to violate the FCCPA;

    C.    Actual damages;

    D.    Statutory damages;

    E.    Court filing costs and service of process costs; and,

    F.    Attorney fees and costs.

## VERIFICATION

1. I, Amy Andrews (Pittman), am the defendant in this action.

2. This affidavit is based upon my personal knowledge, and if called upon as a witness in this matter I could competently testify to the facts as set forth below.

3. The statements in this document are true and correct.

4. I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

*Amy C. Andrews (Pittman)*

STATE OF FLORIDA
COUNTY OF BREVARD

Sworn to or affirmed and signed before me on March 15th, 2018 by Amy C. Andrews (Pittman).



| CLERK | Evan Welsh<br>Notary Public<br>State of Florida<br>My Commission Expires<br>March 20, 2021<br>Commission No. GG 84947 | NOTARY PUBLIC or DEPUTY<br><br>Evan Welsh<br>[Print, type, or stamp commissioned notary or clerk.] |

name

\_\_ Personally known
X Produced identification
Type of identification produced
Florida DL

/s/ James E. Orth, Jr.
James E. Orth, Jr. FBN 75941
400 Orange Street
Titusville, FL 32796
(321) 264-9624
jamesorthlaw@gmail.com